IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-117-BO

| | |
|---|---|
| SHIRLEY McCORKLE,<br>    Plaintiff,<br><br>v.<br><br>BEB WRIGHT, General Manager, ASTIK<br>PATEL, HARISH ARMIN, NEESHI<br>HOSPITALITY, INC., and COUNTRY INN<br>AND COMFORT INN,<br>    Defendants. | **ORDER** |

This matter is before the Court on defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [DE 15]. The matter has been fully briefed and is ripe for ruling. For the reasons discussed below, the motion to dismiss is granted and the complaint is dismissed.

BACKGROUND

On March 3, 2017, plaintiff filed a complaint with this Court alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). Plaintiff alleges that she was subject to sexual discrimination while employed by defendants as a front desk clerk at the Comfort Inn in Lumberton, North Carolina from September 19, 2013 until she was terminated on April 11, 2014. [DE 1]. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") in May, 2014. *Id.* at 6. In November, 2016, the EEOC mailed plaintiff a Notice of Suit Rights letter, informing plaintiff that it had concluded the processing of the Charge of Discrimination, and that the EEOC case file would be

closed. *Id.* Plaintiff states that she received the Notice of Suit Rights letter on or before November 30, 2016. *Id.*

DISCUSSION

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed if the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. The complaint must plead sufficient facts to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). The court need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments. *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Although the Court must construe the complaint of a *pro se* plaintiff liberally, such a complaint must still allege "facts sufficient to state all the elements of [her] claim" in order to survive a motion to dismiss. *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003).

In considering a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents attached to the complaint, as well as those attached to the motion to dismiss so long as they are integral to the complaint and authentic. Fed. R. Civ. P. 10(c); *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007); *Philips v. Pitt County Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). A court ruling on a motion to dismiss under Rule 12(b)(6) may also properly take judicial notice of matters of public record. *Sec'y of State for Defence*, 484 F.3d at 705.

Defendants first argue that plaintiff's Title VII claims should be dismissed as untimely. A plaintiff must bring suit within ninety days of receiving a right to sue notice from the EEOC. 42 U.S.C. § 2000e-5(f)(1). Failure to comply with this time limit forecloses a plaintiff from bringing suit on the allegations made in the EEOC discrimination charge. *Zipes v. Transworld Airlines, Inc.* 455 U.S. 385, 393 (1982); *Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir. 1987).

Taking plaintiff's allegation that she received the notice on November 28, 2016 as true, plaintiff had until February 27, 2017 to file her Title VII claims. However, plaintiff did not commence suit until March 3, 2017, when she filed her complaint with this Court, a full 93 days after receiving the Notice of Suit Rights letter. Thus, it is clear from the face of the complaint that plaintiff's action is untimely as a matter of law.

Plaintiff admits that the complaint was filed beyond the 90-day limitations period, but argues that she is entitled to equitable tolling of the deadline. The Fourth Circuit Court of Appeals has recognized that "principles of equitable tolling may, in the proper circumstances, apply to excuse a plaintiff's failure to comply with the strict requirements of a statute of limitations." *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000). However, "[p]rocedural

3

requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984). Thus, the equitable remedy of tolling is typically applied only "sparingly." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *see also Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) ("rarely will circumstances warrant equitable tolling"); *Chao v. Va. Dep't of Transp.*, 291 F.3d 276, 283 (4th Cir. 2002) ("The circumstances under which equitable tolling has been permitted are . . . quite narrow."); *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) ("[T]he threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule.").

Therefore, in order for equitable tolling to be merited, a plaintiff must show either that the plaintiff was prevented from asserting his or her claims by some kind of wrongful conduct on the part of the defendant, or that "extraordinary circumstances beyond plaintiff['s] control made it impossible to file the claims on time." *Harris*, 209 F.3d at 330. The plaintiff bears the burden of establishing exceptional circumstances that warrant equitable tolling. *Id.*

Plaintiff does not contend that wrongful conduct by any defendant prevented her from timely filing her lawsuit. Nor has plaintiff demonstrated that extraordinary circumstances beyond her control made it impossible to file her claims on time. Plaintiff argues that her inability to obtain representation, a delay in receiving her files from the EEOC, and the failure of the USPS to deliver her complaint on the day promised constitute extraordinary circumstances meriting equitable tolling. However, plaintiff received her Right to Sue letter months before the deadline, and there is no requirement that a plaintiff have the underlying EEOC file or even be represented in order to file suit. *Harris*, 209 F.3d at 331 (citing *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991)) (equitable tolling not appropriate even where the delay in filing was the

4

result of a plaintiff's unfamiliarity with the legal process or his lack of legal representation). Plaintiff's *pro se* status at the time she filed the complaint also does not justify equitable relief. *Asbury v. City of Roanoke*, 599 F. Supp. 2d 712, 7720 (W.D. Va. 2009) ("Any litigant, whether represented by counsel or not, is required to follow the law"). Moreover, plaintiff was aware of the deadline, and thus could and should have been diligent in pursuing her rights. *Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir. 1987) ("The ninety day notice period itself is clear evidence that Congress intended to require claimants to act expeditiously, without unnecessary delay.").

Finally, plaintiff cannot rely on the failure of USPS to deliver her complaint on the day promised as an excuse for her delay. Plaintiff did not mail her complaint until 4:00 pm on the 90th day of the limitations period, [DE 16-2 at ¶ 11], and the complaint was not scheduled to arrive until February 28, 2017, a day after the limitations period had expired. *Id.* Even if USPS had delivered the complaint on this day as guaranteed, it still would have been filed outside of the 90-day limitations period.

In sum, plaintiff did not file her complaint within the 90-day statutory limitations period, and she has not demonstrated extraordinary circumstances that warrant equitable tolling.[1] As a result, plaintiff's Title VII claims are barred as untimely, and the complaint must be dismissed.

---

[1] The Court also notes that the fact that plaintiff missed the deadline by a relatively short period of time does not excuse the untimeliness of the complaint. *See U.S. v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) ("Foreclosing litigants from bringing their claim because they missed the filing deadline by one day may seem harsh, but courts have to draw lines somewhere, statutes of limitation protect important social interests . . . ."); *Dixon v. Digital Equip. Corp.*, 976 F.2d 725 (4th Cir. 1992) (upholding dismissal of pro se plaintiff's Title VII claim not filed until 91st day); *Harvey*, 813 F.2d at 653 (finding that plaintiff's Title VII suit filed 91 days after receiving right-to-sue letter was untimely); *Hammonds v. Bo's Food Stores*, No. 7:13-CV-66-FL, 2014 WL 3738610, at *2 (E.D.N.C. July 29, 2014) (dismissing Title VII claim not filed until 93rd day); *Douglas v. U.S. Airways Group, Inc.*, No. 3:10-CV-42, 2011 WL 1769747, at *5 (W.D.N.C. May 9, 2011) (dismissing pro se plaintiff's Title VII action where complaint was filed one day

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss [DE 15] is GRANTED. The Clerk is DIRECTED to enter judgment accordingly and close the file.

SO ORDERED, this 18 day of August, 2017.

*[signature: Terrence Boyle]*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

---

late and there was no evidence that the Clerk's office was closed or inaccessible); *Yarborough v. Burger King Corp.*, 406 F.Supp.2d 605, 606 (M.D.N.C. Dec. 22, 2005) (declining to apply equitable tolling where plaintiffs' Title VII claims were filed two days late).